IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE ANN TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-2109 |
| LELAND DUDEK,[1] *Acting Commissioner of Social Security,* | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 4th day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1] Leland Dudek is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).   The Clerk is directed to amend the docket to reflect this change.

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff contends the Administrative Law Judge ("ALJ") erred by failing to provide an explanation for the evidence he relied upon to determine her residual functional capacity ("RFC"). Specifically, Plaintiff argues the ALJ did not explain exactly how he formulated her sit/stand limitation and failed to explain the evidence used to craft her migraine and mental health related limitations. (Doc. No. 11). After a thorough review of the record, the Court disagrees with Plaintiff and finds the ALJ's RFC finding to be supported by substantial evidence.

After reviewing all the evidence in this case, the ALJ crafted the following RFC:

[T]he undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except:
- She must alternate to sitting for every 25 minutes of standing or walking, but she can remain on task during changes of position;
- She can occasionally operate foot controls with the right lower extremity;
- She can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds;
- She can frequently balance, but only occasionally kneel, crouch, or crawl;
- She cannot work at unprotected heights or around moving mechanical parts;
- She cannot operate a motor vehicle;
- She can occasionally work in humidity, wetness, and extreme temperatures;
- She can work in environments of moderate noise level;
- She can understand and remember simple instructions;
- She can make judgment to make simple work-related decisions;
- She can occasionally interact with supervisors and coworkers;
- She cannot work with the public;
- She can only tolerate occasional changes in a routine work setting; and
- She cannot perform work requiring specific production rate work such [as] assembly line work or work requiring hourly quotas.

(R. 22-23). Plaintiff posits that the ALJ crafted this RFC based on his own lay opinion, as the ALJ rejected all medical opinions in the record. (Doc. No. 11 at 10-17 (citing, *inter alia, Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986)). The Court disagrees for the following reasons.

      This Court holds the ALJ's RFC finding need not be based on a specific medical opinion. As the Honorable Alan N. Bloch astutely explained, *Doak* "does not, as Plaintiff suggests, hold that an ALJ's RFC finding must be based on a particular medical opinion . . . ." *Doty v. Colvin,* No. 13–80–J, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014). Rather, in *Doak,* "[t]he Third Circuit did nothing more than make a substantial evidence finding in light of a limited record . . . and subsequent Third Circuit case law confirms this understanding." *Id.* Such caselaw explains that "[a]lthough reliance on State consultants' reports and treating physicians' opinions is common and ALJs are required to consider any existing State consultant reports . . . the regulations do not require ALJs to seek outside expert assistance." *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 362 (3d Cir. 2011) (citations omitted); *see also Titterington v. Barnhart,* 174 Fed. Appx. 6, 11 (3d Cir. 2006) (stating "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."). Indeed, "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." *Id.* "Consistent with this later case law, *Doak* does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary." *Doty,* 2014 WL 29036, at *1 n. 1 (citing *Hayes v. Astrue,* No. CIV.A. 07–710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007)). The same is true even when the claimant's impairments are mental in nature. *See Abbey v. O'Malley*, 709 F. Supp. 3d 195, 197 n.2 (W.D. Pa. 2023) (explaining in a case involving mental impairments that "the ALJ need not base the RFC determination specially on **any** medical opinion.") (emphasis in original).

      With this in mind, the Court rejects Plaintiff's argument that her RFC was based on the ALJ's lay opinion and improper analysis of the medical source opinions. (Doc. No. 11 at 10-17). The ALJ properly analyzed all the medical opinions, many of which opined that Plaintiff was not very limited. *See* 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 416.920c(b), (c). The state agency psychological consultants, Drs. Shelley Ross, Ph.D., and Emanuel Schnepp, Ph.D., both opined that Plaintiff had only mild difficulties with concentration, persistence, and pace, and mild difficulties with adapting and managing herself. (R. 25; Exs. 2A/4; 3A/4). Similarly, Dr. Angela Chiodo, Ph.D., found Plaintiff had no functional limitations provided she abstain from using marijuana. (R. 25; Ex. 5F/6-7).

      Applying the relevant regulations, the ALJ rejected all these opinions and adopted limitations in Plaintiff's favor. The ALJ found the state agency psychological consultants' opinions to be unpersuasive because they were not consistent with the record, which showed Plaintiff had **greater** functional limitations than those opined, and because both doctors failed to support their opinions by adequately addressing the Plaintiff's difficulties interacting with others and maintaining her concentration, persistence, and pace. (R. 25). Similarly, the ALJ found the opinion of Dr. Chiodo to be unpersuasive because, although it was supported by Dr. Chiodo's contemporaneous mental status examination, which was largely unremarkable, it was inconsistent with the longitudinal treatment records and failed

to address Plaintiff's concentration problems and social anxiety. (*Id.*). The long and the short of it is that the ALJ acknowledged the assessments of the opinions as to the symptoms and condition of the Plaintiff but declined to adopt their opinions as to the limitations properly attributable to the Plaintiff on the basis that they were too restrictive in light of the entire record. Thus, the RFC as formulated by the ALJ did account for the medical evidence and is the result of the ALJ's considered judgment that the Plaintiff's limitations were more pronounced than set out in the conclusions of those opinions. Rather than the RFC being untethered to medical evidence, as the Plaintiff argues, it instead is the result of the ALJ doing *his* work in formulating the RFC in light of the entire record before him, which resulted in the Plaintiff receiving the benefit of any doubt as to her limitations, making remand improvident.

The ALJ also rejected the opinion of Dr. Stephen Mills, M.D., who repeatedly stated that Plaintiff was disabled throughout the period at issue. (R. 25; Exs. 9F, 11F). The ALJ correctly determined that these statements were not opinions, but comments on an issue reserved to the Commissioner. (R. 25); *see Zonak v. Comm'r of Soc. Sec.*, 290 Fed. Appx. 493, 497 (3d Cir. 2008) (stating the ALJ was not obligated to give significant weight to a medical source's opinion "because the opinion related to the ultimate issue of disability--an issue reserved exclusively to the Commissioner.") (citation omitted). Plaintiff does not contest the ALJ's finding on this opinion. (*See* Doc. No. 11 at 11). Accordingly, the ALJ properly analyzed all medical opinions in the record.

Plaintiff's specific contentions with the ALJ's formulated sit/stand option and the limitations accounting for her migraines and mental health impairments are similarly without merit. Plaintiff argues that the crafted sit/stand option makes this case similar to *Fisher v. Berryhill*, No. 16-1884, 2018 WL 783715, at *3 (W.D. Pa. Feb. 8, 2018), where remand was required because the ALJ failed to explain how he arrived at a specific sit/stand option in the absence of any medical opinion. The Court disagrees as, unlike in *Fisher*, here the ALJ expressly discussed the sit/stand option and what evidence was used to formulate this specific limitation. The ALJ explained that he crafted the sit/stand option based on Plaintiff's testimony regarding her right ankle pain, which was consistent with medical records showing that this pain was attributed to a remote fracture and resultant swelling. (R. 23-24). Moreover, the ALJ pointed to Plaintiff's medical diagnosis of right ankle arthropathy and specifically considered this diagnosis in the context of the greater medical records. (R. 20). In sum, the ALJ's included sit/stand option was not based on his lay opinion and was instead formulated based on his review of the record, making it a proper administrative finding.

Likewise, the Court finds the ALJ adequately explained the evidence he relied upon to determine Plaintiff's limitations related to her migraines and mental impairments. As Defendant points out, this issue is similar to that in *Ellinger v. Kijakazi*, No. 22-349-E, 2023 WL 8282057, at *1 n.1 (W.D. Pa. Nov. 30, 2023). There, as here, the ALJ explained

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings[3] (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

                                            s/Mark R. Hornak, J.
                                            Chief United States District Judge

ecf:        Counsel of record

---

how he accounted for Plaintiff's migraines and mental limitations. In this matter, the ALJ considered Plaintiff's allegations that she had difficulty concentrating and handling changes in routine. (R. 21-22). The ALJ contrasted these allegations against the medical records showing that Plaintiff's Attention Deficit Hyperactivity Disorder was well-controlled with medications and other evidence showing that she was responding well to conservative treatment for her mental impairments. (*Id.*). The ALJ also considered Plaintiff's testimony that she has five or six migraines per-week, but found these allegations were not fully supported by the record and that Plaintiff's migraines were mostly stable with medication. (R. 22-24). All told, the ALJ's included limitations were adequately explained and substantial evidence supports Plaintiff's RFC.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

[3] Consistent with Federal Rule of Civil Procedure 12(c), the Court has construed Plaintiff's Motion for Judgment on the Pleadings as a Motion for Summary Judgment. *See, e.g.*, *Westfield Grp. v. Campisi*, No. 2:02-CV-977, 2006 WL 328415, at *1 (W.D. Pa. Feb. 10, 2006) (noting the Honorable Judge David S. Cercone construed defendants' motion for judgment on the pleadings as a motion for summary judgment).